**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JIMMIE FRAZIER EANES, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-01251-O-BP** |
| | § | |
| **WORLDWIDE ENVIRONMENTAL PRODUCTS, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On September 28, 2026, Plaintiff Jimmie Frazier Eanes, Jr. filed a complaint against Worldwide Environmental Products, Inc. ("Worldwide") for violations of the Age Discrimination in Employment Act ("ADEA"). ECF No. 1 at 1. This case was referred to the undersigned pursuant to a standing order of reference under Special Order 3. ECF No. 2. After reviewing the pleadings and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **TRANSFER** the case to the Dallas division of the Court.

"The Age Discrimination in Employment Act (ADEA) has no specific venue provision, *see* 29 U.S.C. § 626(c)(1), and therefore venue is decided under the general venue provision, 28 U.S.C. § 1391." *Myers v. Gibson*, No. 3-07-cv-864-B, 2007 WL 1953443, at *n.1 (N.D. Tex. July 2, 2007). Under § 1391(b),venue is proper in

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

> defendant is subject to the court's personal jurisdiction with respect to such action.

*Clark v. Am. Airlines, Inc.*, No. 3:19-cv-00097-L-BH, 2019 WL 3006545, at *2 (N.D. Tex. July 9, 2019) (citing 28 U.S.C. § 1391(b)).

The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Here, Eanes names Worldwide as Defendant but does not plead that Worldwide resides in this district. *See* ECF No. 1 at 2. Eanes only pleads that Worldwide's registered agent for service of process is located in Austin, Texas, which is outside this district. ECF No. 1 at 2. Therefore, Eanes makes no showing that Worldwide resides in the Fort Worth Division of the Court for purposes of venue.

Eanes also does not plead that any part of the events or omissions giving rise to his claim occurred in this division. 28 U.S.C. § 1391(b). Rather, Eanes pleads that he lives in Cleburne, Texas, and that he worked for Worldwide "in and around Cleburne and Johnson County, Texas." ECF No. 1 at 2. He further pleads that "a substantial part of the events happened there." Cleburne is in Johnson County, Texas, which is within the Dallas division of the Northern District of Texas. 28 U.S.C. § 124(a)(1).

Eanes pleads no facts in the pending complaint to show that venue is properly placed in the Fort Worth division of the Court under the general venue statute, 28 U.S.C. § 1391(b), or

otherwise. The Court can find no connection between this case and any county within the Fort Worth division of the Court. Further, Eanes alleges no facts to show that the Defendant is located in or resides in the Fort Worth division of the Court.

It appears that the Defendant does not reside in this division, and the events at issue occurred within the Dallas division. *See* 28 U.S.C. § 124(a)(1). Accordingly, for the convenience of the parties and the witnesses and in the interest of justice, the undersigned recommends that Chief Judge O'Connor **TRANSFER** this action to the Dallas division of the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on November 3, 2026.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE